AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
Isidro Romero-Ortiz

*Defendant(s)*

Case No. 8:26-mj-03013-GDP

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 28, 2026 in the county of Pasco in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-Entry by Deported Alien |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Micah King, Border Patrol Intelligence, DHS-CBP

*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 9/29/2026

*Judge's signature*

City and state: Tampa, Florida

GREGORY D. PIZZO, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Micah King, being duly sworn, hereby depose and state as follows:

1. I submit this affidavit in support of a criminal complaint charging Isidro **ROMERO-ORTIZ,** a native and citizen of Mexico, with being an alien found in the United States without permission after removal in violation of 8 U.S.C. § 1326(a). The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have included only those facts necessary to establish probable cause supporting the requested complaint.

2. I am a Border Patrol Agent Intelligence ("BPA-I") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service ("INS"). I have been employed since September 19, 2022. I am currently assigned to the United States Border Patrol Station in Tampa, Florida. In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 19, 21 and 18 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

**PROBABLE CAUSE**

3. On or about September 23, 2026, Homeland Security Investigations tip line received information on a subject from Mexico named Isidro **ROMERO-ORTIZ**. It was reported that **ROMERO-ORTIZ** had been previously deported and convicted twice for domestic violence. A Border Patrol Agent assigned to Homeland Security Investigations requested assistance from the Miami Sector Border Patrol Intelligence Unit and the Tampa Border Patrol Station to develop the investigation.

4. CBP record checks on **ROMERO-ORTIZ's** biographical information confirmed that he is a citizen and national of Mexico with no lawful immigration status in the United States. **ROMERO-ORTIZ** has an alien file, under his unique alien number (A# 090 362 387), containing all his immigration history. Agents have conducted surveillance at the location where **ROMERO-ORTIZ** is believed to reside, 14811 17th St., Dade City, Florida, and have positively identified him using photographs from his alien file.

5. On or about September 28, 2026, **ROMERO-ORTIZ** was stopped by Florida Highway Patrol for running a stop sign while operating a vehicle at the intersection of 17th St. and Bowman St. in Dade City, Florida. **ROMERO-ORTIZ** was taken into custody by Homeland Security Investigations and Tampa Border Patrol Station Agents.

6. Documents in the alien file show that **ROMERO-ORTIZ** had his Lawful Permanent Resident status revoked following convictions for domestic

violence and a crime of moral turpitude. On or about September 30, 2004, **ROMERO-ORTIZ** was ordered deported/removed from the United States to Mexico by an Immigration Judge. **ROMERO-ORTIZ** was then physically deported/removed from the United States to Mexico on or about March 2, 2006, through Hidalgo, TX.

7. On or about June 8, 2006, **ROMERO-ORTIZ** was encountered again during a vehicle stop by local police in Bee County, TX. **ROMERO-ORTIZ** was turned over to U.S. Border Patrol, Corpus Christi Station. On or about October 19, 2006, **ROMERO-ORTIZ** was convicted of 8 U.S.C. § 1326 illegal reentry by a previously deported alien. **ROMERO-ORTIZ** served four months and was physically deported/removed from the United States to Mexico on or about November 17, 2006.

8. There is no record of **ROMERO-ORTIZ** applying to the Attorney General of the United States or the U.S. Secretary of the Department of Homeland Security for permission to re-enter the United States after his prior deportation/removal.

9. I am not aware of any evidence indicating **ROMERO-ORTIZ** re-entered the United States involuntarily.

## CONCLUSION

10. Based on the foregoing, I believe that there is probable cause to establish that Isidro **ROMERO-ORTIZ** is a citizen and national of Mexico, is an alien found in the United States without permission after being removed from the United States, and has a prior felony conviction in violation of 8 U.S.C. § 1326(a).

Micah King
Border Patrol Agent Intelligence
U.S. Department of Homeland Security
U.S. Customs and Border Protection

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this ___29_ day of September 2026.

GREGORY D. PIZZO
United States Magistrate Judge